UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PLATINUM JACK ENTERTAINMENT, LLC, § § § *Plaintiff*, § § v. § § ESPN, INC., and CHICK-FIL-A, INC. § § *Defendants.* § § § | | Civil Action No. 3:18-CV-00880-X |

## MEMORANDUM OPINION AND ORDER

On September 4, 2019, plaintiff Platinum Jack Entertainment, LLC ("Platinum Jack") moved for leave to file a corrected third amended complaint [Doc. No. 62] to add an attachment that it neglected to include in the operative third amended complaint. Defendants ESPN, Inc. and Chick-Fil-A, Inc. (collectively "defendants") oppose the motion, which is now ripe for review. For the reasons stated below, the Court **GRANTS** Platinum Jack's motion.

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave when justice so requires" when a party seeks to amend its complaint. "It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court."[1] But granting leave to amend is "by no means automatic."[2] In deciding whether to grant leave to amend, the Court "may consider

---

[1] *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

[2] *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. 1981)).

1

such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."[3] Even so, the "policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading."[4]

Having considered the relevant factors, the Court concludes that leave should be granted. Defendants object, saying leave should be denied because Platinum Jack has repeatedly failed "to cure deficiencies by amendments previously allowed."[5] In support of their argument, defendants point out that Platinum Jack has been allowed to amend its complaint three times and that this lawsuit has a history of confusion over what copyright is at issue and whether the copyright at issue is properly registered. As one example of Platinum Jack's repeated deficiencies, defendants point to paragraph nine of the operative third amended complaint, which they allege creates confusion about whether the missing exhibit is a copyright registration or a copyright application. An important issue of this case is whether the missing exhibit is a copyright registration or application.[6]

---

[3] *Id.*

[4] *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)..

[5] *Wimm*, 3 F.3d at 139.

[6] Defendants note, and Platinum Jack acknowledges, that the third amended complaint Platinum Jack attached to its unopposed motion for leave to file its third amended complaint [Doc. No. 55] is different from the version defendants reviewed beforehand. In other words, defendants state they were not given advance notice that the third amended complaint to be filed would be different from the complaint they reviewed. However, defendants do not raise objections to any of the added language except paragraph nine of the operative complaint, which defendants allege causes confusion

The Court takes defendants' concerns seriously, but they are ultimately offset by the speed at which Platinum Jack filed its motion for leave to amend its complaint and the clarity the missing exhibit brings to an important issue in this case. Platinum Jack filed its motion for leave on the day defendants filed their motion to dismiss. Additionally, the exhibit, being a copyright registration, resolves the alleged confusion over whether the missing exhibit is supposed to be a copyright registration or copyright application. The policy of the federal rules is "to facilitate determination of claims on the merits."[7] Platinum Jack's motion seeking to attach a neglected exhibit to its complaint, which is referenced in the operative complaint itself, furthers this policy.

Therefore, given that "[t]he court should freely give leave when justice so requires"[8] and considering the relevant factors, the Court **GRANTS** Platinum Jack's motion for leave to file a third amended complaint [Doc. No. 62]. However, barring extraordinary circumstances, the Court will not allow Platinum Jack to amend its complaint again. The Court directs the clerk of court to file Platinum Jack's corrected third amended complaint, which is attached as Exhibit A to its motion for leave [Doc. No. 62-1].

As the Court is granting Platinum Jack's motion for leave to file a corrected third amended complaint, the Court hereby **DISMISSES AS MOOT** defendants'

---

as to what the complaint's missing exhibit consists of. As shown in the forthcoming discussion, this objection is resolved by granting Platinum Jack's motion for leave and including the missing exhibit.

[7] *Dussouy*, 660 F.2d at 598.

[8] FED. R. CIV. P. 15(a)(2).

motion to dismiss [Doc. No. 59].

Lastly, the Court **ORDERS** the parties to file a joint status report with a proposed amended scheduling order within 14 days of the issuance of this Order.

The Court hereby administratively closes this case until the joint status report is filed.

**IT IS SO ORDERED** this 28th day of May, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE